

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| JOHN HENRY SEYFANG, IV, individually; and LAURA SEYFANG, individually and as Parent and Next Friend of J.H.S., a minor child,<br><br>Plaintiffs,<br><br>vs.<br><br>DREAMHOME RESTORATION, LLC,<br><br>Defendant. | Case No. 2:16-cv-00254-ABJ |

**ORDER ON DEFENDANT'S MOTION FOR LEAVE TO SUPPLEMENT ITS EXPERT REPORT OF DR. HAL S. WORTZEL [Doc 39]**

This matter comes before this Court upon *Defendant's Motion for Leave to Supplement its Expert Report of Dr. Hal. S. Wortzel* [Doc 39]. This motion involves a disagreement between the parties as to the timing and designation of a medical expert who performs an independent medical exam ("IME"). Defendant has elected to subject Plaintiff J.H.S. (hereinafter "Plaintiff") to a medical examination by Hal S. Wortzel, M.D. Plaintiff has consented to the medical exam taking place, but asserts that Defendant may not designate Dr. Wortzel's testimony arising from the examination as the period for designation of experts under the Order on Initial Pretrial Conference ("Pretrial Order") [Doc 27] has expired. Plaintiff further argues that there is not "good cause" to extend the time for the designation of experts as set forth in the Pretrial Order.

1

Defendant counters that the Pretrial Order does not require the IME report to be included in the expert designation and if it does, there is good cause to amend the schedule. The parties consulted with Judge Carman in accordance with this Court's Amended Administrative General Order 2012-14, but were unable to resolve this issue.

Plaintiff alleges that he was exposed to dangerous levels of carbon monoxide on the morning of October 20, 2014 as a result of the negligent installation of a roof vent cap by Defendant during the replacement of the roof on his home in Worland, Wyoming. Plaintiff alleges he sustained permanent brain injuries as a result of the carbon monoxide poisoning. Plaintiff has designated Carol Anderson, Ph.D., a neuropsychologist, to provide testimony regarding the nature and scope of Plaintiff's injuries. Dr. Anderson examined Plaintiff in September 2017 and drafted her report on January 11, 2018, which was then disclosed with Plaintiff's expert designation on February 21, 2018. Plaintiff provided Defendant with a short letter from Dr. Anderson on October 6, 2017, apparently in regards to settlement discussions. As to Plaintiff, Dr. Anderson wrote:

> Neuropsychological assessment results indicate that Johnny's greatest area of dysfunction is in the domain of psychological distress (severe depressive symptoms and severe anxiety symptoms). However, neuropsychological testing also suggests "borderline" (variable; mild) memory impairments, and problems with inattention, impulsivity, and mental flexibility. Given Johnny's pre-exposure history, it is my opinion that the carbon monoxide exposure caused an exacerbation of symptoms, leading to greater functional impairments than he would have otherwise experienced.
>
> Doc. 40-1 Page 2.

Dr. Anderson did not provide any additional information regarding Plaintiff in her October 6th letter.

Upon receipt of Dr. Anderson's full report with the expert designation of February 21, 2018, Defendant determined that it needed to obtain an IME of Plaintiff. The parties have agreed that Dr. Wortzel will conduct an IME of Plaintiff on April 6, 2018. Nevertheless, Plaintiff objects to any designation of testimony by Dr. Wortzel as the date for designation of expert testimony has passed.

**Law and Discussion**

An initial pretrial conference was held in this matter on September 20, 2017, and the Pretrial Order was issued [Doc 27]. That order set the following relevant dates:

- January 31, 2018: Plaintiff's designation of expert testimony.

- March 2, 2018: Defendant's designation of expert testimony

- April 6, 2018: "**ALL DISCOVERY, including fact discovery, all IME's and expert witness depositions** must be complete by this date." (emphasis in original)

- May 4, 2018: Deadline for filing of Dispositive Motions

- May 4, 2018: Deadline for filing other pretrial motions, including *Daubert/Kumho* motions.

- August 3, 2018: Final Pretrial Conference

- August 20, 2018: Jury Trial

On November 30, 2017 the parties submitted, and this Court granted, a stipulated motion to extend expert designation deadlines [Docs. 32 & 33]. Plaintiff's expert deadline was extended to February 21, 2018, and Defendant's expert deadline was

3

extended to March 22, 2018. Plaintiff timely designated his experts on February 21, 2018 [Doc. 34]. On March 15, 2018 the parties submitted, and this Court granted, a stipulated motion to extend Defendant's expert designation to April 6, 2018 (Docs. 37 & 38]. Defendant timely designated its experts on April 4, 2018, including Dr. Wortzel [Doc. 42].

The Pretrial Order, which set the original schedule in this matter, required Defendant to designate its expert testimony more than a month prior to the discovery cutoff and the date set for completion of any IME. Plaintiff argues that pursuant to Fed. R. Civ. P. 26(a)(2)(B)(i) the expert designation must contain the complete statement and reasons for all expert opinions. Fed. R. Civ. P. 37(c)(1) excludes from evidence such information which was not properly disclosed unless the failure was substantially justified or harmless. Fed. R. Civ. P. 35 establishes the procedure for obtaining physical or mental examinations of a party. Rule 35 requires the person conducting the examination to prepare a report, which shall be produced upon the request of the examined party. Rule 35 does not set any timeline for the production of the report. Plaintiff asks this Court to apply Rules 26 and 35 in conjunction, and thus require that any opinions generated as a result of a Rule 35 examination be designated in compliance with Rule 26's disclosure requirements. In other words, opinions generated as a result of an IME must be included within Defendant's expert designation and provided by the deadline for expert disclosures as set forth in any scheduling order.

4

This Court has generally dispensed with requirement that parties file a Rule 35 motion to obtain an IME, and addresses the timing of IME's in the Pretrial Order. This Pretrial Order set a deadline for the completion of the IME of April 6, 2018. Neither the Rules, nor the Pretrial Order, speak to the timing of the production of the IME report. Plaintiff argues that the Pretrial Order must be construed in accordance with Rules 26 and 35. Since all expert opinions, including those arising from an IME, must be disclosed in the Rule 26 designation, the IME must be completed, and all opinions provided in Defendant's expert designation. This would allow Plaintiff an opportunity to depose the IME expert prior to the discovery cutoff. This interpretation of the rules has been accepted by some courts, as will be discussed subsequently.

The difficulty with Plaintiff's position is that the Pretrial Order addressed the timing for IMEs, and specifically stated that "all IMEs" must be completed by April 6, 2018. The clear language of the Pretrial Order provides Defendant until April 6, 2018 to complete the IME. Obviously, if the IME is conducted on April 6th, the report and deposition cannot be completed the same day.

Plaintiff relies heavily upon *Diaz v. Con-Way Truckload, Inc.*, 279 F.R.D. 412 (S.D. Tex. 2012). In *Diaz*, defendant moved for an examination of Plaintiff by two medical experts. The pretrial order in *Diaz* set dates for the designation of experts, but did not address the timing of IMEs. *Diaz* noted that the courts have reached differing conclusions as to the relationship between Rule 26 and Rule 35. Some courts have held that Rule 35 IMEs are separate and distinct from the expert designation requirements of

Rule 26. *E.g., Waggoner v. Ohio Cent. R.R., Inc.*, 242 F.R.D. 413, 414 (S.D.Ohio 2007). Other courts have held that the IME report must be prepared and included in the Rule 26 designation of expert testimony. *E.g., Shumaker v. Wes*, 196 F.R.D. 454, 456 (S.D.W.Va. 2000). The court in *Diaz* held that a Rule 35 examination is "no different than any other discovery tool", and as such it should comply with the Rule 26 disclosure requirements and further that belated Rule 35 exams could impact other deadlines established by the court. Since defendant had failed to complete the Rule 35 examination prior to his expert designation, the request for examination was untimely. *Diaz* did recognize that a strong argument in support of reading Rules 26 and 35 independently was that the contents of the Rule 35 report and the Rule 26 designation differ substantially. *Id.* at fn.2. Having determined that the Rule 35 motion for examination was untimely, the court addressed amending the scheduling order. *Diaz* found that good cause existed pursuant to Fed. R. Civ. P. Rule 16(b)(4) to amend the scheduling order, basing this in part on the uncertainty of the case law on the interaction between Rules 26 and 35. *Id.* 422 and fn.4. Ultimately, *Diaz* allowed the IMEs to occur while recognizing that such examinations are necessary to "level the playing field between parties in cases in which a party's physical or mental condition is in issue." *Id.* 419.[1]

Courts on both sides of this issue are struggling to look for direction in the Federal Rules of Civil Procedure which is not there. If the courts cannot find clear direction in the Rules, it is unfair to expect practicing attorneys to anticipate, at their client's peril,

---

[1] This Court would have reached the same conclusion had it determined Defendant's IME was untimely.

how the court will interpret the Rules. The management of the pretrial process is committed to the discretion of the District Court. *Sil-Flow, Inc. v. SFHAC, Inc.*, 917 F.2d 1507, 1514 (10th Cir. 1990). It is common practice in this Court to adjust the schedule as reasonably necessary to allow the parties to prepare their case for trial. The schedule is not the goal, but rather the tool to ensure a fair opportunity for the parties to present their claims and defenses to the court and/or jury. The better practice is to provide clear guidance to the parties, and that is what the Pretrial Order attempted to accomplish herein. Unlike the cases cited above, this Court set a deadline for the completion of all IMEs without requiring a formal motion under Rule 35. Defendant complied with the clear language of the Pretrial Oder by conducting the IME on April 6, 2018. As noted in *Diaz*, medical exams are a form of discovery, and are an important tool in allowing the defense an equal opportunity to investigate the plaintiff's claimed injuries. Rule 35 examinations are recognized as important in providing a level playing field for the parties. "Our conclusion is bolstered by the Supreme Court's indication that Rule 35 is 'to be accorded a broad and liberal treatment, to effectuate [the civil procedure rules'] purpose that civil trials in the federal courts no longer need be carried on in the dark.' *Schlagenhauf*, 379 U.S. at 114-15, 85 S.Ct. 234." *Herrera v. Lufkin Industries, Inc.*, 474 F.3d 675, 690 (10th Cir. 2007).

If this Court had intended the report of the IME to be included within the expert designation, it would not have set the IME deadline over a month after the expert designation deadline. It is not unusual or unexpected that a defendant would defer the

7

decision to conduct an IME until it receives the full report of Plaintiff's expert medical witnesses. IMEs are an expensive endeavor which most parties will avoid if possible. The IME deadline in this matter is more that 4 months prior to the trial. This allows ample time for the production of the report and discovery, and will not result in prejudice or delay for any party. The IME will properly allow both sides and equal opportunity to present medical testimony regarding a critical issue in this matter, the nature and degree of any injuries sustained by Plaintiff from the alleged carbon monoxide poisoning.

The Pretrial Order does not specifically address the production of the IME report or deposition of Defendant's medical examiner. As such, there is good cause to amend the Pretrial Order in this regard.

IT IS HEREBY ORDERED that Defendant's Motion for Leave to Supplement its Expert Report of Dr. Hal S. Wortzel is GRANTED and that Defendant shall serve and file a report in compliance with Rule 35(b)(2) by April 23, 2018, regarding the IME undertaken by Dr. Wortzel. The Plaintiff shall be granted until June 15, 2018, to take the discovery deposition of Dr. Wortzel.

Dated: April 6, 2018

Mark L. Carman
United States Magistrate Judge